[No. 11196. Department Two. December 27, 1913.]

C. S. BEST, *Executor etc.*, *Appellant*, v. W. W. FELGER, *Respondent.*[1]

CHATTLE MORTGAGES—RECORDING—RENEWAL—AFFIDAVITS — NOTICE —SUBSEQUENT PURCHASERS. Under Rem. & Bal. Code, § 3662, providing that a recorded chattel mortgage shall cease to be notice as against creditors and subsequent purchasers, after the maturity of the mortgage, unless within two years thereafter it is renewed by the making and filing of an affidavit by the mortgagee, a subsequent mortgagee for value in good faith acquires a valid lien after the maturity of the mortgage, subject only to the possibility that the prior mortgage may be renewed within the two years; the statute being, in substance, a statute of limitations.

Appeal from a judgment of the superior court for King county, Grady, J., entered January 13, 1913, upon findings in favor of one of the defendants, in an action to foreclose a chattel mortgage. Affirmed.

*Van Dyke & Thomas*, for appellant, contended, *inter alia*, that as against Felger, it was not necessary to file the renewal of the chattel mortgage. Rem. & Bal. Code, § 3662; 6 Cyc. 1095-6; Jones, Chattel Mortgages (4th ed.), § 293; *Farmers & Merchants' Bank of Cawker City v. Bank of Glen Elder*, 46 Kan. 376, 26 Pac. 680; *Howard v. First Nat. Bank of Hutchinson*, 44 Kan. 549, 24 Pac. 983, 10 L. R. A. 537; *Ullman v. Duncan*, 78 Wis. 213, 47 N. W. 266, 9 L. R. A. 683; *Arlington Mill & Elevator Co. v. Yates*, 57 Neb. 286, 77 N. W. 677; *Edson v. Newell*, 14 Minn. 228; *Nix v. Wiswell*, 84 Wis. 334, 54 N. W. 620; *Wade v. Strachan*, 71 Mich.

[1] Reported in 137 Pac. 334.

459, 39 N. W. 582; *Flory v. Comstock*, 61 Mich. 522, 28 N. W. 701; *Wolf v. Rausch*, 22 Misc. Rep. 108, 48 N. Y. Supp. 716.

*Reynolds, Ballinger & Hutson*, for respondent.

PARKER, J.—The plaintiff, as executor, seeks foreclosure of a chattel mortgage, given to Caroline Merryman during her lifetime, as against the claims of the defendant W. W. Felger, who is the holder of a chattel mortgage upon the same property subsequently executed by the same grantor. A trial in the superior court resulted in a decree denying a foreclosure as against the defendant Felger, upon the ground that no affidavit setting forth the amount due upon the Merryman mortgage was filed in the office of the county auditor within two years after the maturity of the debt secured thereby, nor at any time, as required by Rem. & Bal. Code, § 3662 (P. C. 349 § 43). From this disposition of the cause touching the rights of the defendant Felger, the plaintiff has appealed to this court. In so far as the decree and judgment deals with rights of the plaintiff as against other defendants, it is not drawn in question upon this appeal.

The controlling facts are not in dispute. On July 1, 1909, Andrew J. Reed, the owner of the property here involved, executed and delivered to Caroline Merryman a chattel mortgage, to secure an indebtedness evidenced by three promissory notes maturing on and prior to May 1, 1910; the indebtedness and the dates of its maturity being plainly so shown upon the face of the mortgage. On August 15, 1910, after the maturity of the whole of the indebtedness secured by the Merryman mortgage, Andrew J. Reed executed and delivered to respondent Felger another mortgage upon the same property, to secure an indebtedness evidenced by a promissory note for the sum of $1,100, then loaned by respondent Felger to Reed. Both of these mortgages were duly and timely filed for record in the office of the county auditor. On May 27, more than two years after the maturity

of all of the indebtedness secured by the mortgage given to Caroline Merryman, she having died in the meantime, appellant, as her executor, commenced this action to foreclose the same as against respondent Felger as well as others claiming interest in the property. There has never been filed in the office of the county auditor any affidavit setting forth the amount due upon that mortgage, as provided in § 3662, Rem. & Bal. Code (P. C. 349 § 43), which reads as follows:

"Every mortgage filed and indexed in pursuance of this act shall be held and considered to be full and sufficient notice to all the world, of the existence and conditions thereof, but shall cease to be notice, as against creditors of the mortgagors and subsequent purchasers and mortgagees in good faith, after the expiration of the time such mortgage becomes due, unless before the expiration of two years after the time such mortgage becomes due, the mortgagee, his agent or attorney, shall make and file as aforesaid an affidavit setting forth the amount due upon the mortgage, which affidavit shall be annexed to the instrument to which it relates and the auditor shall indorse on said affidavit the time it was filed."

Counsel for appellant contend, in substance, that since Reed's indebtedness to respondent was incurred, and the mortgage securing the same given, before the expiration of two years following the maturity of the Merryman mortgage, respondent does not belong to the class of persons specified in § 3662 above quoted, who may claim rights superior to the Merryman mortgage, notwithstanding the Merryman mortgage has not been renewed by affidavit as required by that section. Counsel invoke the general rule as stated in the text of 6 Cyc. 1095 as follows:

"It is usually held that a person who purchases mortgaged property within the period when the mortgage is valid without refiling cannot later object that the instrument was not properly filed at the time when renewal should have been made, for the term 'subsequent purchaser' in a renewal statute means purchasers subsequent to the time of the refiling of the mortgage."

A number of decisions of the courts are cited and relied upon by counsel from which this general rule is deduced. They all, however, deal with the rights of parties under statutes in words, or in substance, as follows:

"Every mortgage so filed shall be void as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year after the filing thereof, unless, within thirty days next preceding the expiration of the term of one year from such filing, and each year thereafter, the mortgagee, his agent or attorney, shall make an affidavit etc."

This language is quoted from the opinion in *Howard v. First Nat. Bank of Hutchinson*, 44 Kan. 549, 24 Pac. 983, 10 L. R. A. 537. The substance of the holding in that decision is stated in the syllabus as follows:

"The words 'subsequent purchasers' and 'subsequent mortgagees in good faith' in § 3905, mean only purchasers and mortgagees who purchased or took their mortgages after the expiration of the year from the filing of the mortgage."

The holding of all the other decisions to which our attention has been called are in harmony with this view, but all of them deal with statutes either identical or in substance the same as the Kansas statute. No decision has come to our notice dealing with the rights of parties arising subsequent to a first mortgage under a statute like ours. Under the Kansas statute, the mortgage expires as to those subsequently acquiring rights, upon the *"expiration of one year after the filing thereof"* in the absence of the filing of the renewal affidavit thirty days *preceding* such expiration; while under our statute, the mortgage expires as to those subsequently acquiring rights upon the *"expiration of the time such mortgage becomes due"* in the absence of the filing of the renewal affidavit within two years *thereafter*. In the case before us, respondent Felger acquired his rights under the second mortgage, when he made the loan to Reed, sev-

eral months after the expiration of the time the first mort-
gage became due, which mortgage, we have noticed, has never
been renewed by affidavit as required by statute, though
over two years elapsed after its maturity before it was
sought to be foreclosed by this action. This situation, it
seems to us, answers the question of the superiority of the
rights of the respective mortgagees in favor of respondent;
unless the fact that the Merryman mortgage was of record,
and subject to renewal at the time the second one was given
to respondent, continued the Merryman mortgage in force
as against him. But here we are met with this distinction
between the Kansas statute and our own. By the provisions
of the Kansas statute, under no circumstances can a sub-
sequent mortgagee's rights intervene or supersede the rights
of the first mortgagee before the time specified as the limit
of the first mortgagee's rights, because the renewal affidavit,
under that statute, must be filed thirty days *before* the ex-
piration of the mortgage, which, as we have noticed, is one
year after its filing; while under our statute, the mortgagee
has two years *after* its maturity during which period his
mortgage will remain in force if renewed by filing the affi-
davit within that period. Our statute recognizes the possible
good faith of those acquiring rights after maturity of the
prior mortgage, and before the expiration of two years there-
after. It seems to us that, in view of these provisions, a sub-
sequent purchaser or mortgagee for value—and that, we
think, is as far as his good faith need extend—may acquire
rights subsequent to the *maturity* of a prior mortgage, sub-
ject only to the possibility of such prior mortgage being
thereafter renewed by affidavit within two years after its ma-
turity. We are of the opinion that our statute is, in sub-
stance, a statute of limitation, in so far as the rights of pur-
chasers and mortgagees who acquire rights in the property
after the maturity of the first mortgage are concerned, and
that as to such there can be no renewal of the prior mort-

gage after the expiration of two years following its ma-
turity.

The judgment is affirmed.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., con-
cur.